UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KLEINTRALL LEE,

        Petitioner,

v.                                 CASE NO. 2:11-cv-15244
                                 HONORABLE ARTHUR J. TARNOW

DUNCAN MACLAREN,

        Respondent.

_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Kleintrall Lee has filed a *pro se* habeas corpus petition challenging his state convictions for two drug offenses, resisting and obstructing a police officer, and driving while license suspended. He argues that the state sentencing guidelines were scored inaccurately and that his trial attorney provided ineffective assistance. The state court's rejection of these claims was objectively reasonable. Accordingly, the habeas petition must be denied.

**I. Background**

Petitioner was charged in Oakland County, Michigan with: delivery or manufacture of 50 to 449 grams of a controlled substance (cocaine), Mich. Comp. Laws § 333.7401(2)(a)(iii); second or subsequent controlled substance offense, double penalty, Mich. Comp. Laws § 333.7413(2); resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1); and driving while license suspended, second or subsequent offense, Mich. Comp. Laws § 257.904. The facts leading to these charges have been summarized as follows:

> On 8/30/09, [State] Troopers Byerly and Morningstar were traveling southbound on Perry Street in Pontiac when the[y] observed the defendant, later identified as Kleintrall Lee traveling at a high rate of speed. The defendant observed the marked State Police car and continued to travel east on Joslyn. Trooper Byerly noticed that the defendant was not wearing a seat belt as well. The Troopers followed the defendant and pulled him over for an initial traffic stop at 680 Linda Vista.
>
> As the vehicle came to a complete stop in the driveway of 680 Linda Vista, the defendant opened the driver's door and stepped out. Trooper Byerly ordered the defendant to stay in the truck. The defendant reached in the vehicle and grabbed three plastic bags, which were later identified as crack/cocaine and attempted to run on foot. Trooper Byerly activated his taser and struck the defendant in his back. The defendant fell to the ground and was ordered to roll over on his stomach. The defendant did not comply and stood up after the 5 second taser cycle ended and turned away from the Troopers. Byerly and Morningstar struck the defendant again with the tasers, both striking his back. The defendant immediately fell to the ground and complied when ordered to roll over on his stomach. In the process of being tasered, three bags of suspected crack/cocaine fell from his left hand onto the driveway.
>
> The defendant was placed under arrest and transported to the Pontiac Police Department for processing. After the defendant was searched a small plastic bag of marijuana was found on his person. Troopers also recovered $1,376 in cash. The four taser probes were removed from the defendant and he stated that he did not need medical attention. The crack/cocaine found in the defendant's possession was tested using ODV reagent and was positive for cocaine. The marijuana found in the defendant's possession was tested as well using Narcopouch Dequinous reagent and was positive for marijuana.

Pet. for Writ of Habeas Corpus, Ex. 6, p. 3 (Petitioner's Presentence Investigation Report).

On February 3, 2010, Petitioner pleaded guilty, as charged, in Oakland County Circuit Court. The plea and sentencing agreement called for a sentence at the bottom third of the sentencing guidelines range. On April 1, 2010, the trial court sentenced Petitioner as a habitual offender as follows: seven to twenty-five years in prison for delivery or manufacture of a controlled substance; twenty days in jail with credit for time served for second or subsequent controlled substance; seven to fifteen years in prison for resisting and obstructing a police

officer; and twenty days in jail with credit for time served for driving while license suspended, second or subsequent offense.

Petitioner appealed to the Michigan Court of Appeals, but the Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Lee*, No. 303315 (Mich. Ct. App. May 18, 2011). On October 24, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Lee*, 490 Mich. 893 (2011) (table).

Petitioner filed his habeas corpus petition on November 29, 2011. As noted, he challenges his sentence and his trial attorney's performance. Respondent Duncan MacLaren argues in an answer to the petition filed through counsel that Petitioner's claims lack merit and do not entitle Petitioner to habeas relief.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410-11.

### III. Discussion

#### A. The Sentence

Petitioner alleges that he is entitled to be re-sentenced because the trial court relied on inaccurate information at sentencing and erroneously scored offense variable fifteen of the Michigan sentencing guidelines. Petitioner asserts that he should have received fifteen points for offense variable fifteen, not fifty points, and that the trial court's error in scoring the offense variable at fifty points had a detrimental effect on his sentencing guidelines range.

The state court's alleged misinterpretation and application of its sentencing laws and guidelines "is a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, Petitioner's challenge to the state court's scoring of the sentencing guidelines is not a cognizable claim on habeas corpus review. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001).

Petitioner maintains that he had a due process right to a sentence based on accurate information, but to prevail on this claim, he must show that the trial court relied on "extensively and materially false" information, which he had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). He must demonstrate that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 US. 443, 447 (1972).

At issue here is offense variable fifteen, which pertains to "aggravated controlled substance offenses." Mich. Comp. Laws § 777.45. Fifty points is appropriate if

> [t]he offense involved the manufacture, creation, delivery, possession, or possession with intent to manufacture, create, or deliver of 50 or more grams but less than 450 grams of any mixture containing a controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv).

Mich. Comp. Laws § 777.45(1)(c).

This statute, as amended in 2002, became effective on March 1, 2003. Prior to the 2002 amendment, fifteen points was the proper score for an offense that involved the sale, delivery, or possession with intent to sell or deliver 50 to 225 grams of a controlled substance. *See* Mich. Comp. Laws § 774.45, Historical and Statutory Notes. Petitioner's crimes occurred in 2009, and the amount of cocaine that Petitioner possessed at the time of his arrest was 96 grams. (Prelim. Examination Tr., vol. 1, 13, Oct. 27, 2009; Prelim. Examination Tr., vol. 2, 10-13, Nov. 10, 2009.) Therefore, the amended statute controls, and offense variable fifteen was properly scored at fifty points. There is no option in the current statute for awarding fifteen points for offense variable fifteen.

The trial court did not rely on inaccurate information. Petitioner therefore has no right to relief on the basis of his first claim.

## B. Trial Counsel

In his second and final claim, Petitioner alleges that his trial attorney was ineffective for failing to object to the score of fifty points for offense variable fifteen. Petitioner argues that the amount of cocaine in question did not exceed 225 grams and, therefore, offense variable fifteen should have been scored at fifteen points.

The Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668 (1984), is clearly established federal law for purposes of evaluating a claim of ineffective assistance of counsel. *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1403 (2011). Pursuant to *Strickland*, Petitioner must demonstrate that his attorney's "performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

The "deficient performance" prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. To demonstrate that counsel's performance prejudiced the defense, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Here, offense variable fifteen was correctly scored at fifty points pursuant to the amended statute. Thus, there was no basis for objecting to the scoring of offense variable fifteen. Because an objection would have been futile, Petitioner cannot show that his attorney was constitutionally ineffective for failing to object. *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) (citing *Strickland*, 466 U.S. at 687-96). Petitioner has failed to satisfy the deficient-

performance prong of *Strickland* and has no right to habeas relief on the basis of his second claim.

### IV. Conclusion

Petitioner's claim about the scoring of the sentencing guidelines is not cognizable on habeas review, and his due process claim lacks merit because the trial court did not rely on inaccurate information. Petitioner also has failed to satisfy the *Strickland* standard for ineffective assistance of counsel. Therefore, the state appellate court's finding that Petitioner's claims lacked merit was objectively reasonable, and the habeas corpus petition is **DENIED**.

### V. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not disagree with the Court's resolution of Petitioner's claims. Consequently, the Court declines to issue a certificate of appealability. Petitioner nevertheless may proceed *in forma pauperis* on appeal if he decides to appeal this decision.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: November 16, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 16, 2012, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary